Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ANNETTE MILAGROS SANABRIA FIGUEROA<br><br>Recurrida<br><br>v.<br><br>WALLACE VÁZQUEZ SANABRIA<br><br>Peticionario | KLCE202400985 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre: Divorcio (Ruptura Irreparable)<br><br>Caso Número: BY2023RF00193 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de octubre de 2024.

El peticionario, señor Wallace Vázquez Sanabria, comparece ante nos para que dejemos sin efecto la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 31 de julio de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* la S*olicitud de Ejecución de Sentencia* presentada por el peticionario, ello dentro de un caso civil sobre divorcio por ruptura irreparable, promovida en contra de la señora Annette Milagros Sanabria Figueroa, la recurrida.

Por los fundamentos que expondremos a continuación, se deniega el presente auto.

### I

El 6 de julio de 2023, el Tribunal de Primera Instancia emitió *Sentencia Enmendada Nunc Pro Tunc* (Sentencia Enmendada), en la que acogió un acuerdo entre las partes para poner fin a todas las controversias del caso de divorcio por ruptura irreparable entre el peticionario y la recurrida.[1] Según reza la sentencia, como parte del

---

[1] Apéndice del Recurso de Certiorari, págs. 1-5.

acuerdo ambos convinieron lo siguiente:

(1) Las partes han acordado que el demandado, Sr. Wallace Vázquez Sanabria, habrá de continuar residiendo en la propiedad localizada en la Urb. Parkville Sur, mientras se hacen las gestiones de venta de la propiedad.

(2) Las partes han acordado un término de seis (6) meses, prorrogable seis (6) meses más, para llevar a cabo el referido esfuerzo de venta de la propiedad.

(3) Comenzando el mes de julio de 2023, el demandado comenzará a pagar en su totalidad las utilidades, cuota de mantenimiento e impuestos de la propiedad (CRIM) de dicha propiedad.

(4) La propiedad se describe de la siguiente forma: (...)

(5) Como parte de los esfuerzos de venta, las partes acordaron pintar la propiedad, con las reparaciones que ello pueda conllevar. La responsabilidad del pago de la pintura de la casa y las reparaciones se dividirán en 50% entre las partes.

(6) Las partes estiman que la propiedad podrá venderse en no menos de $500,000.00. Del producto neto de la venta de la casa, el demandado recibirá la cantidad de $300,000.00. Todo producto que sea en exceso de $500,000.00 se dividirá en partes iguales entre las partes. El restante del producto de la venta, luego de los pagos al demandado mencionados en este párrafo, le pertenecerá a la demandante.

(7) Manifiestan las partes que existe un pagaré extraviado en torno al inmueble referido, por lo que la demandante se hará cargo de llevar a cabo la acción de pagaré extraviado que obraba en su poder para que la propiedad aparezca libre de cualquier gravamen ante el Registro de la Propiedad al momento de la venta.[2]

El 26 de febrero de 2024, el peticionario presentó una *Moción Solicitando Aseguramiento y Ejecución de Sentencia.* Adujo que la recurrida se encontraba en incumplimiento del acuerdo, tras no haber iniciado el proceso de cancelación de hipoteca con pagaré extraviado, ni haber realizado gestiones de pintura, reparaciones necesarias y contratación de corredor de bienes raíces. Por ello, solicitó el pago de $300,000.00 y, en aseguramiento del cumplimiento correspondiente, que se expidiera una orden de

---

[2] *Íd.*

embargo sobre los bienes de la recurrida.[3]

Por su parte, el 27 de marzo de 2024, la recurrida presentó una *Moción en Cumplimiento de Orden y en Oposición a Moción Solicitando Aseguramiento y Ejecución de Sentencia.* En esta, argumentó que el término para realizar los esfuerzos vencía el 24 de julio de 2024, por lo que la solicitud del peticionario era prematura. Añadió que no se encontraba en incumplimiento, toda vez que radicó demanda por pagaré extraviado el 27 de febrero de 2024, dentro del término establecido. Además, informó que consiguió un comprador dispuesto a comprar la propiedad sin pintar, pero fue el peticionario quien se negó. Por otra parte, también argumentó que el peticionario alegaba incumplimiento de labores que le correspondían a ambos, no solo a ella.[4]

Así las cosas, el 1 de abril de 2024, el Tribunal declaró *No Ha Lugar* la moción presentada por el peticionario y, en consecuencia, refirió a las partes a lo dispuesto en la Sentencia Enmendada.[5]

Sin embargo, el 19 de abril del 2024, el aquí peticionario presentó un escrito titulado *Réplica a Moción en Cumplimiento de Orden y en Oposición a Moción Solicitando Aseguramiento y Ejecución de Sentencia y otros Extremos.* En esta, expresó que la recurrida radicó la demanda por pagaré extraviado luego de que él presentara la moción solicitando la ejecución de la sentencia. En el pliego, incluyó un estimado de pintura por el precio de $7,675.54, así como uno relativo a los gastos por fumigación por $1,806.30, solicitando el desembolso de $3,837.76 y $906.15, respectivamente. Adicional, solicitó que se fijara el 6 de julio de 2024 como fecha límite para que se le ordenara a la recurrida vender o, en alternativa, pagar la cantidad de $300,000.00.[6] Dicha moción fue declarada *No Ha Lugar*

---

[3] *Íd.,* págs. 47-49.
[4] *Íd.,* págs. 51-53.
[5] *Íd.,* pág. 54.
[6] *Íd.,* págs. 56-69.

el 25 de abril de 2024.[7]

El 10 de mayo del año corriente, la recurrida presentó *Solicitud de Aclaración y/o Determinación.* En el pliego, requirió al Tribunal aclarar que: (1) la obligación de vender la propiedad era de ambas partes y el cumplimiento de la misma era atribuible a los dos; (2) que la cantidad de $300,000.00 no es una deuda para con el peticionario, sino que él recibirá esa cantidad del producto neto de la venta de la propiedad y; (3) que los gastos de fumigación no están cubiertos en el acuerdo como responsabilidad u obligación solidaria entre ambos.[8] Sobre esta solicitud, el Tribunal emitió una orden expresando que "la Sentencia del 6 de julio de 2023 era clara en sus disposiciones", por lo cual, les reiteraba a las partes que se sujetaran al cumplimiento de la misma.[9]

Tras múltiples comparecencias por escrito, en donde las partes, en esencia, reprodujeron los mismos argumentos, el Tribunal emitió una *orden* el 31 de julio de 2024. Mediante esta estableció, nuevamente, que la *orden* del 6 de julio de 2023 era clara en cuanto a sus disposiciones y que, en atención a lo esbozado en la misma, "ambas partes deben delimitar un plan para realizar las reparaciones de la propiedad", de manera que ambos cumplan con la orden y, en efecto, logren vender la propiedad.[10]

El 11 de agosto de 2024, el aquí peticionario presentó una *Moción Sobre Reconsideración* en la que argumentó que la *Orden del 31 de julio de 2024* tenía el efecto de novar la *Sentencia Enmendada,* la cual advino final y firme. En particular, insistió que no era responsabilidad de ambas partes vender la propiedad y que la parte recurrida le adeudaba la cantidad de, mínimo, $300,000.00 garantizados. Por lo tanto, solicitó que se reconsiderara la *Orden* y,

---

[7] *Íd.,* pág. 70.
[8] *Íd.,* págs. 71-74.
[9] *Íd.,* pág. 75.
[10] *Íd.,* págs. 6-7.

en virtud de esta, ordenara la ejecución de la Sentencia proveyendo el pago solicitado.[11] El 23 de agosto de 2024 la moción de reconsideración fue declarada *No Ha Lugar*.[12]

Inconforme con la determinación, el 13 de septiembre de 2024, el peticionario acudió ante nos mediante el presente recurso de *certiorari*. Estableció como señalamiento de error que:

> Erró el Tribunal de Primera Instancia al entrar en las órdenes recurridas, pues las mismas son contrario a Derecho y denota error craso y manifiesto o prejuicio y parcialidad en la apreciación de la prueba presentada.

Por los fundamentos que exponemos a continuación, procedemos a *denegar* el presente recurso.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo*

---

[11] *Íd.,* págs. 8-15.
[12] *Íd.,* pág. 16.

*v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones

emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al*, 200 DPR 724, 736 (2018).

**III**

Un examen del expediente que atendemos mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las debidamente ejercidas por el foro primario. A nuestro entender, la determinación aquí recurrida no es una que se aparte de la norma aplicable a los derechos invocados, ni producto de un abuso de discreción atribuible al Juzgador. La misma se ajusta al estado de derecho aplicable a la materia que atendemos, por lo que, en forma alguna, transgrede las prerrogativas del peticionario en los términos que expone en su comparecencia. Siendo ello así, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe en esta etapa de los procedimientos, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, *se deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones